## Atchison, Topeka & Santa Fe Railroad Company v. Edward R. Booth, Lafayette Booth and A. L. Booth, Partners Under the Firm Name and Style of Booth Brothers.

1. RAILROAD COMPANIES—*Signals at Highway Crossings.*—A railroad company is under no obligations to give signals before reaching a crossing which is not a public highway crossing.

2. NEGLIGENCE—*Use of Care and Diligence.*—A person who is reckless with reference to his personal safety as well as the safety of his property, can not recover for injuries sustained.

Memorandum.—Action for injury to personal property. Appeal from the Circuit Court of Grundy County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1893, and reversed. Opinion filed May 22, 1894.

The opinion states the case.

EDGAR A. BANCROFT and S. C. STOUGH, attorneys for appellant.

A. R. Jordan and C. D. Young, attorneys for appellees.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This is an action to recover for the killing of two horses and the damaging of a wagon in a collision with one of appellant's trains, while appellees' driver was attempting to cross appellant's railroad in front of the train. The negligence charged in the declaration was failure to ring the bell or blow the whistle for eighty rods before reaching the point of collision, which was alleged to be a public highway crossing.

There was a trial by a jury, which resulted in a verdict and judgment in favor of appellee for $194. As grounds for reversal appellant urges that the place at which the collision occurred was not a highway crossing, and that no obligation rested upon it to give crossing signals there; that there was such gross negligence on the part of the driver of appellees' team as to preclude a recovery; and that the court improperly instructed the jury.

There was a conflict in the testimony as to whether the place at which the collision occurred was a public highway crossing, as well as to whether the bell was rung before reaching it.

While we are inclined to the opinion from the evidence that the place was not a public highway crossing, and appellant was under no legal obligation to give signals before reaching it, we prefer to put our reason for reversing the judgment upon another ground.

The evidence shows that on the day of the accident L. F. Booth, one of appellees, while engaged in hauling hay for shipment, had crossed the tracks of the C. & A. and Santa Fe roads at a point where they ran parallel and in close proximity, and had driven to a " T " connecting the last mentioned road with the track of the Elgin, Joliet & Eastern Railroad. Having unloaded into a freight car standing upon the " T," he looked down the track of the Santa Fe as far as he could, from his position, see (some 300 feet), and seeing no train approaching, he turned his team about

and undertook to return over the tracks. When upon appellant's track an express train moving at the rate of fifty miles an hour, collided with the team, killing both horses and demolishing the wagon. Booth knew at the time that the train was about due. He looked from a position in which he could not see down the track more than 300 feet, when he could have taken a position that would have given him an unobstructed view of the track for over half a mile. After looking he turned his team about and drove hurriedly toward the track with his back toward the approaching train. He did not exercise common prudence. Indeed his conduct was reckless, not only with reference to the safety of his team, but his own safety. Under the circumstances of such carelessness upon the part of the driver, appellant was not liable, and the judgment should be reversed but not remanded.